IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 6:13cr747 |
| | ) | 18 U.S.C. § 1955 |
| vs. | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 1956(h) |
| BOBBY MOSLEY, SR. | ) | 18 U.S.C. § 981(a)(1)(C) |
| J. MICHAEL CALDWELL | ) | 18 U.S.C. § 982(a)(1) |
| GATEWAY SYSTEMS, LLC | ) | 28 U.S.C. § 2461(c) |
| GATEWAY GAMING, LLC | ) | |
| FRONTIER SOFTWARE  SYSTEMS, LLC | ) ) | |
| FRONTIER GAMING, INC. | ) | INDICTMENT |

Count 1

THE GRAND JURY CHARGES:

That beginning at a date unknown to the Grand Jury but from at least in or around July 2005 and continuously thereafter up to and including the date of this Indictment, the exact dates being unknown to the Grand Jury, in the District of South Carolina and elsewhere, the defendants, BOBBY MOSLEY, SR., J. MICHAEL CALDWELL, GATEWAY SYSTEMS, LLC, GATEWAY GAMING, LLC, FRONTIER SOFTWARE SYSTEMS, LLC, and FRONTIER GAMING, INC., together with others known and unknown to the Grand Jury, unlawfully and knowingly did conduct, finance, manage, supervise and direct an illegal gambling business that was in violation of the laws of the States in which the business was conducted, including but not limited to the following:

1

a.  The keeping and operating of video gaming machines in violation of S.C. Code Ann. § 12-21-2710;

b.  The keeping and operating of establishments used as a place for gaming in violation of S.C. Code Ann. § 16-19-40;

c.  Recording, receiving, registering, and forwarding bets and wagers, and aiding and abetting the same, in violation of S.C. Code Ann. § 16-19-130(1)-(4) & (6);

d.  Becoming the custodian and depository for gain, hire and reward of any money, property and thing of value staked, wagered and pledged to be wagered and pledged, and aiding and abetting the same, in violation of S.C. Code Ann. § 16-19-130(5) & (6);

e.  Manufacturing, selling, transporting, placing and possessing a gambling device in violation of Ala. Code § 13A-12-27;

and which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed and owned all or a part thereof; and which gambling business remained in substantially continuous operation for a period in excess of thirty days, and had a gross revenue in excess of $2,000 in any single day.

In violation of Title 18, United States Code, Sections 1955 and 2.

2

## Count 2

THE GRAND JURY FURTHER CHARGES:

1.  That beginning at a date unknown to the Grand Jury but from at least in or around July 2005 and continuing thereafter up to and including the date of this Indictment, the exact dates being unknown to the Grand Jury, in the District of South Carolina and elsewhere, the defendants, BOBBY MOSLEY, SR., J. MICHAEL CALDWELL, GATEWAY SYSTEMS, LLC, GATEWAY GAMING, LLC, FRONTIER SOFTWARE SYSTEMS, LLC, and FRONTIER GAMING, INC., did knowingly, intentionally, and unlawfully combine, conspire, confederate, agree and have a tacit understanding with others both known and unknown to the Grand Jury to knowingly and intentionally conduct and attempt to conduct a series of financial and monetary transactions affecting interstate commerce, which transactions involved the proceeds from a specified unlawful activity; that is, violations of Title 18, United States Code, Section 1955 (Operation of an Illegal Gambling Business), knowing that the transactions involved the proceeds of some form of unlawful activity; and (1) knowing that they were engaging in monetary transactions in criminally derived property of a value greater than $10,000 derived from said unlawful activity, in violation of Title 18, United States Code, Section 1957; (2) with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and (3) knowing that the transactions were designed in whole or in part to conceal the

3

nature, location, source, ownership, and the control of the proceeds of said unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## Manner and Means

2.  It was part of the conspiracy that Defendants would develop, implement, and support high-speed interactive wagering and other gambling devices.

3.  It was further part of the conspiracy that Defendants would deliver, install, and provide 24/7 technical support, along with management and accounting support, for houses of gaming that offer gamblers the opportunity to play on Defendants' gambling devices.

4.  It was further part of the conspiracy that the operators of gambling parlors that utilize Defendants' gambling devices would pay Defendants a percentage of the operational net revenue from the gambling parlor.

5.  It was further part of the conspiracy that Defendants would divide the proceeds from the gambling business among themselves.

6.  It was further part of the conspiracy that Defendants accepted payments from gambling parlors and used the funds to continue the operation of the illegal gambling business through the payment of overhead, employee salaries, and the purchase of equipment.

7. It was further part of the conspiracy that Defendants concealed the nature, location, source, and control of the proceeds by depositing payments from lower level gambling parlors into various accounts and then using multiple layers of corporate and limited liability entities to hide the true nature and purpose of the transfers.

8. It was a further part of the conspiracy that the Defendants would repeatedly deposit, withdraw and transfer funds in excess of $10,000 into and out of accounts at financial institutions.

All in violation of Title 18, United States Code, Section 1956(h).

# FORFEITURE

THE GRAND JURY FURTHER CHARGES:

I. <u>ILLEGAL GAMBLING BUSINESS</u>:

    a. Upon conviction for violation of 18 U.S.C. § 1955, as charged in this Indictment, the Defendants, BOBBY MOSLEY, SR., J. MICHAEL CALDWELL, GATEWAY SYSTEMS, LLC, GATEWAY GAMING, LLC, FRONTIER SOFTWARE SYSTEMS, LLC, and FRONTIER GAMING, INC., shall forfeit to the United States:

        any property, real or personal, which constitutes or is derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violations, and any property traceable to such property, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and/or,

        any property, real or personal, which was used in violation of the provisions of 18 U.S.C. § 1955, pursuant to 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c).

    b. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for violation of 18 U.S.C. 1955, as charged in this Indictment, includes, but is not limited to, the following:

        <u>PROCEEDS/MONEY JUDGMENT</u>: A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses in violation of 18 U.S.C. § 1955, as charged in the Indictment; that is, a minimum of approximately $242,330,327.00 in United States currency, and all interest and proceeds traceable thereto, for which the Defendants are jointly and severally liable.

II. <u>MONEY LAUNDERING</u>:

    a. Upon conviction for violation of 18 U.S.C. § 1956(h), as charged in this Indictment, the Defendants, BOBBY MOSLEY, SR., J. MICHAEL CALDWELL, GATEWAY SYSTEMS, LLC,

6

GATEWAY GAMING, LLC, FRONTIER SOFTWARE SYSTEMS, LLC, and FRONTIER GAMING, INC., shall forfeit to the United States any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(h), as charged in this Indictment, or any property traceable to such property, pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1).

b. Pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1), the property which is subject to forfeiture upon conviction of the Defendants for the violation of 18 U.S.C. § 1956(h), as charged in this Indictment, includes, but is not limited to, the following:

PROCEEDS/MONEY JUDGMENT: A sum of money equal to the value of the property involved in the money laundering offenses in violation of 18 U.S.C. §§ 1956(h), as charged in this Indictment; that is, a minimum of approximately $144,135,622.00 in United States currency, and all interest and proceeds traceable thereto, for which the Defendants are jointly and severally liable.

III. SUBSTITUTE PROPERTY

a. If any of the property described above, as a result of any act or omission of the Defendants:

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with, a third party;
3. has been placed beyond the jurisdiction of the court;
4. has been substantially diminished in value; or
5. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. §982(b)(1) and 28 U.S.C.§2461(c), to seek forfeiture of any other property of the said Defendants up to the value of the forfeitable property described above.

7

All pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), 1955(d), and 28 U.S.C. § 2461(c).

A __True__ Bill

redacted
_____
~~FO~~REPERSON

*[signature]* AUSA *et seo directing ofal*
WILLIAM N. NETTLES     (wjw)
UNITED STATES ATTORNEY